## A. G. RATCLIFF v. GALLAGHER & HOLMAN, ETC.

**Accession—Specification—Rights Acquired By.**

Nunan acquired the right to the stone in the quarry and Gallagher and Holdman entered, raised and dressed the stone for the purpose of putting it into the abutments of the bridge, which they had undertaken to erect for Nunan, so that if they had acquired a right to the stone it was either by accession or by specification.

The right by accession is acquired by adding other material to that of another individual taken innocently and by skill and labor. The material must be so changed as to be incapable of being restored to the owner in its original form.

The right by specification can only be acquired when without the accession of any other material that of another person, which has been used by the operator innocently, has been converted by him into something specifically different in the inherent and characteristic qualities which identified it.

Held, that the material operated on by the mechanics has not been changed, the same inherent and characteristic qualities exist, now, that composed the material when it was removed from its bed, and being such, the property remained in Nunan.

APPEAL FROM THE CALDWELL CIRCUIT COURT.

March 25, 1872.

OPINION BY JUDGE PETERS:

Prior to March, 1870, appellee, Nunan, had contracted with Patrick Gallagher and M. R. Holman to prepare the stone and build the abutments for a bridge across Montgomery creek in Caldwell county for the Elizabethtown and Paducah railroad company.

Nunan, having contracted to grade and prepare the section of said road, for laying the iron passing over said creek, for said railroad company, he contracted with Mrs. Vickery, the owner of a stone quarry near to where said abutments for said bridge were to be erected, for the stone to build them.

To execute their contract doubtless Gallagher and Holman raised from the quarry of Mrs. Vickery procured by Nunan a considerable quantity of stone and dressed them preparatory to putting them into the abutments of the bridge. The stone thus dressed, Gallagher, without the consent of Holman, mortgaged to appellant, to secure a debt due him from Gallagher and Holman.

In a suit to foreclose that mortgage, Nunan, by his petition, caused himself to be made a defendant, and having asserted his claim successfully to the stone, Ratcliff has appealed to this court to reverse the judgment.

Nunan acquired his right to the stone in the quarry by virtue of his contract with Mrs. Vickery, the owner, and there is no pretense that Gallagher and Holman entered and raised and dressed the stone for any other purpose than to put them into the abutments of the bridge which they had undertaken to erect for Nunan. So that if they had acquired a right to the stone, it was either by *accession* or by *specification.*

The right by accession is acquired generally by adding other materials to that of another individual taken innocently and by skill and labor the material must be so changed as to be incapable of being restored to the owner in its original form, as where the wool of a stranger has been converted into cloth by a manufacturer, the fabric would belong to the manufacturer, because the several particles of wood could not be separated and identified. Here, nothing was added to the material but skill and labor, and they were not sufficient according to the definition above to divest the original owner of his property.

The right by "specification" can only be acquired when, without the accession of any other material, that of another person, which has been used by the operator innocently, has been converted by him into something specifically different in the inherent and characteristic qualities which identify it, as the conversion of corn into meal, of grapes into wine, etc. Although

meal possesses no quality which the corn did not, yet it not only does not possess all the same qualities, but there is a difference in the name, the character, the solidity and every attribute which distinguishes one article from another.

This somewhat extended extract is taken from the very able and lucid opinion of this court delivered by Chief Justice Robertson in *Lampton's Ex'r v. Preston's Exrs.*, 1 J. J. Mar 454. In which the authorities on the question are carefully reviewed, and that being analogous to this, it illustrates the principle which should govern in the determination of this case. The material operated upon by the mechanics has not been changed, the same inherent and characteristic qualities exist now that composed the material when it was removed from its bed where it had reposed for ages.

It was still the Ashler with the rough corners broken "off and made fit for the builders' use," and being such, the property remained in Nunan. Wherefore the judgment is *affirmed*.

*Hewlett, for appellant.*

*Bradley, Darnby, for appellee.*